UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

SUSAN SARNO,

      Plaintiff,

v.

OVIEDO BEAUTIFUL FLOWERS
AND GIFTS, INC., JUANA I. LORA
and LORENZO LORA,

      Defendants.
_____/

## C O M P L A I N T

Plaintiff, SUSAN SARNO, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, OVIEDO BEAUTIFUL FLOWERS AND GIFTS, INC., JUANA I. LORA and LORENZO LORA, and alleges as follows:

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, OVIEDO BEAUTIFUL FLOWERS AND GIFTS, INC., was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

6. At all times material hereto OVIEDO BEAUTIFUL FLOWERS AND GIFTS, INC.

had employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person.  29 U.S.C. §203.

7. At all times material hereto, OVIEDO BEAUTIFUL FLOWERS AND GIFTS, INC., upon information and belief, had revenue in excess of $500,000.00 per annum.

8. At all times material hereto, JUANA I. LORA and LORENZO LORA were Plaintiff's employer as defined by law.  JUANA I. LORA and LORENZO LORA had operational control over OVIEDO BEAUTIFUL FLOWERS AND GIFTS, INC. and are directly involved in decisions affecting employee compensation and hours worked by employees.  Moreover, JUANA I. LORA and LORENZO LORA controlled the finances for OVIEDO BEAUTIFUL FLOWERS AND GIFTS, INC.

9. At all times material hereto, Plaintiff was individually engaged in interstate commerce while working for Defendants.

## COUNT I: FLSA RECOVERY OF MINIMUM WAGES

10. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

11. Plaintiff worked for Defendants from approximately November 14, 2017 until June 18, 2019.

12. Plaintiff worked for Defendants as a floral delivery driver.

13. Plaintiff's primary duties and responsibilities included delivering floral arrangements and gifts to customers residing in Orange and Seminole counties.

14. Plaintiff was paid at a rate of $300.00 per week.

15. Plaintiff was entitled to be paid at least the minimum wage.

16. During one or more workweeks, Defendants did not pay Plaintiff the full minimum

wage in violation of the FLSA, 29 U.S.C. §206.

17. Defendants knew or should have known of the unpaid and/or underpaid hours worked.

18. Plaintiff was unlawfully denied the minimum wage in violation of the FLSA, 29 U.S.C. §206.

19. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

20. Plaintiff is owed an additional amount equal to the amount of unpaid minimum wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

### COUNT II: FLSA RECOVERY OF MINIMUM WAGES
### COLLECTIVE ACTION COUNT

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

22. Plaintiff worked for Defendants from approximately November 14, 2017 until June 18, 2019.

23. Plaintiff worked for Defendants as a floral delivery driver.

24. Plaintiff's primary duties and responsibilities included delivering floral arrangements and gifts to customers residing in Orange and Seminole counties.

25. Plaintiff was paid at a rate of 300.00 per week.

26. Plaintiff was entitled to be paid at least the minimum wage.

27. During one or more workweeks, Defendants did not pay Plaintiff the full minimum wage in violation of the FLSA, 29 U.S.C. §206.

28. Defendants knew or should have known of the unpaid and/or underpaid hours worked.

29. Other employees of Defendants, who were employed in the same or similar capacity as Plaintiff, and who performed the same or similar job duties and responsibilities as Plaintiff, also were not paid the full minimum wage in one or more workweeks by Defendants.

30. Plaintiff, and other similarly situated employees, were unlawfully denied the minimum wage in violation of the FLSA, 29 U.S.C. §206.

31. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff, and others similarly situated, have suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

32. Plaintiff, and the others similarly situated, are owed an additional amount equal to the amount of unpaid minimum wages as liquidated damages.

WHEREFORE, Plaintiff, on behalf of Plaintiff and others similarly situated, hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

### COUNT III: FLSA RECOVERY OF OVERTIME WAGES

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

34. Plaintiff worked for Defendants from approximately November 14, 2017 until June 18, 2019.

35. Plaintiff worked for Defendants as a floral delivery driver.

36. Plaintiff's primary duties and responsibilities included delivering floral arrangements and gifts to customers residing in Orange and Seminole counties.

37. Plaintiff was paid at a rate of $300.00 per week.

38. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

39. During one or more workweeks, Defendants did not pay Plaintiff time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

40. Defendants knew or should have known of the unpaid and/or underpaid overtime hours worked.

41. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

42. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

43. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

<u>COUNT IV: FLSA RECOVERY OF OVERTIME WAGES</u>
<u>COLLECTIVE ACTION COUNT</u>

44. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

45. Plaintiff worked for Defendants from approximately November 14, 2017 until June 18, 2019.

46. Plaintiff worked for Defendants as a floral delivery driver.

47. Plaintiff's primary duties and responsibilities included delivering floral arrangements and gifts to customers residing in Orange and Seminole counties.

48. Plaintiff was paid at a rate of $300.00 per week.

49. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

50. During one or more workweeks, Defendants did not pay Plaintiff time and one half

Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

51. Defendants knew or should have known of the unpaid and/or underpaid overtime hours worked.

52. Other employees of Defendants, who were employed in the same or similar capacity as Plaintiff, and who performed the same or similar job duties and responsibilities as Plaintiff, also were not paid time and one half their regular rate of pay for overtime hours worked in one or more workweeks by Defendants.

53. Plaintiff, and other similarly situated employees, were unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

54. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff, and others similarly situated, has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

55. Plaintiff, and the others similarly situated, are owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff, on behalf of Plaintiff and others similarly situated, hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

NOTICE OF CONSENT TO JOIN

I, SUSAN SARNO, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party Plaintiff in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. I further declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

_____
SUSAN SARNO, as Plaintiff

9/22/2019
_____
DATE


Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By: /s/ Todd W. Shulby, Esq.
    Todd W. Shulby, Esq.
    Florida Bar No.: 068365